**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMON JIMENEZ PADRON and
ROSALINDA JIMENEZ,

        Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 12-71774

Agency Nos.     A079-535-925
                    A079-535-926

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014**

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Ramon Jimenez Padron and Rosalinda Jimenez, natives and citizens of

Mexico, petition for review of a Board of Immigration Appeals ("BIA") order

denying their motion to reopen removal proceedings. Our jurisdiction is governed

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's determination that the evidence petitioners submitted with their motion to reopen to reapply for cancellation of removal does not establish a prima facie case of exceptional and extremely unusual hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) ("If . . . the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief, [8 U.S.C.] § 1252(a)(2)(B)(i) precludes our visiting the merits . . . .").

Petitioners' contention that the BIA failed to consider hardship evidence accompanying the motion to reopen is not supported by the record and is not a colorable question of law that would restore our jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

The BIA did not abuse its discretion by denying petitioners' motion to reopen to apply for asylum, withholding, and relief under the Convention Against

Torture, where the evidence submitted was not new or material and reflected

conditions in Mexico prior to petitioners' removal hearing. *See* 8 U.S.C.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**